# EXHIBIT A

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** KINGS
——————————————————————————x
ROBERT BENSON

Plaintiff/Petitioner,

- against -                                             Index No.503149/2025
EXPERIAN INFORMATION SOLUTIONS,
INC.

Defendant/Respondent.
——————————————————————————x

**NOTICE OF ELECTRONIC FILING**
**(Mandatory Case)**
(Uniform Rule § 202.5-bb)

**You have received this Notice because**:

> 1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and
>
> 2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney. (Attorneys: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  **If you choose to participate in e-filing, you must have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

  The **benefits of participating in e-filing** include:

  - serving and filing your documents electronically

  - free access to view and print your e-filed documents

  - limiting your number of trips to the courthouse

  - paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

Page 1 of 2                                   EFM-1

To find legal information to help you represent yourself visit www.nycourthelp.gov

## Information for Attorneys
### (E-filing is Mandatory for Attorneys)

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated:  February 3, 2025

April Forbes, Esq.
_____
         Name
April Forbes, P.C.
_____
       Firm Name

P.O. Box 865
_____

Hudson, New York 12534
_____
          Address

(518) 249-5328
_____
          Phone

aforbes@esquirepc.org
_____
          E-Mail

To:    Experian Information Solutions
_____

_____

2/24/20

Index  #                    Page 2  of 2                    EFM-1

Case 1:25-cv-01262-NGG-JRC   Document 1   Filed 03/05/25   Page 4 of 16 PageID #: 7

STATE OF NEW YORK
SUPREME COURT, COUNTY OF KINGS

ROBERT BENSON,                                           SUMMONS

               Plaintiff,                           Index No.:

    -against-

EXPERIAN INFORMATION SOLUTIONS, INC.,

               Defendant.

TO THE ABOVE-NAMED DEFENDANT:

    YOU ARE HEREBY SUMMONED and required to serve upon plaintiff's attorney an

answer to the complaint in this action within twenty (20 days after the service of this summons,

exclusive of the day of service, or within thirty (30) days after service is complete if this summons

is not personally delivered to you within the State of New York. In case of your failure to answer,

judgment will be taken against you by default for the relief demanded in the complaint.


Dated: January 28, 2025


                                  APRIL FORBES, P.C.

                                  By: _____
                                     April Forbes, Esq.
                                Attorney for Plaintiff
                                P.O. Box 865
                                Hudson, New York 12534
                                (518) 249-5328
                                aforbes@esquirepc.org


Trial is desired in the County of Kings. The basis of venue designated above is that plaintiff resides
in Kings County.

Case 1:25-cv-01262-NGG-JRC Document 1 Filed 03/05/25 Page 5 of 16 PageID #: 8

STATE OF NEW YORK
SUPREME COURT, COUNTY OF KINGS

ROBERT BENSON,

                Plaintiff,

    -against-

EXPERIAN FINANCIAL SOLUTIONS, INC.,

                Defendant.

**COMPLAINT**
Index No.:

TO THE ABOVE-NAMED DEFENDANT:

Plaintiff, ROBERT BENSON, through his attorney, for his Complaint against Defendant alleges as follows:

1. Plaintiff is an individual who, for all relevant times applicable herein, has resided in the County of Kings within the State of New York.

2. Upon information and belief, Defendant EXPERIAN FINANCIAL SOLUTIONS, INC. (hereinafter "Defendant"), for all relevant times applicable herein, is an Ohio corporation with a principal business in Costa Mesa, California.

3. Plaintiff brings this action for damages, declaratory relief, and injunctive relief arising from Defendant's violation(s) of: (i) §1681 *et seq. as amended,* of Title 15 of the United States Code ("U.S.C."), commonly referred to the Fair Credit Reporting Act ("FCRA").

4. Defendant is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

## JURISDICTION

Case 1:25-cv-01262-NGG-JRK Document 1 Filed 03/05/25 Page 6 of 16 PageID #: 49

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1331, 1337 as well as 15 U.S.C. §1681p *et seq.* and 28 U.S.C. §2201.

6. The Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

## VENUE

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2).

## FACTUAL ALLEGATIONS

8. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "7" herein with the same force and effect as if the same were set forth at length herein.

9. Plaintiff obtained a copy of his credit report dated September 24, 2024 and noticed several accounts reporting with inaccurate information.

10. Based on the information contained within Plaintiff's credit report, Plaintiff wrote a dispute letter to Defendant which was dated September 24, 2024 ("Plaintiff's dispute letter").

11. Plaintiff's dispute letter was sent to Defendant via certified mail on October 2, 2024.

12. Plaintiff's dispute letter indicated as follows:

➡ FREEDOM CU ACCT#: … -THIS ACCOUNT HAS BEEN LATE OVER THE YEARS BUT NO MORE THAN 5 TIMES; REPORTING 25 LATE REMARKS WHICH IS OUTRAGEOUS

➡ BARCLAYS ACCT#: … XXXXXXX -EVERYTHING ABOUT THIS ACCOUNT IS REPORTING INACCURATELY; LAST PAYMENT DATE, THE WRITE OFF AMOUNT AND THE LATE REMARKS. PLEASE INVESTIGATE ACCORDINGLY

➜ CAPITAL ONE AUTO FINANCE ACCT#: .... XXXXXXXXX -THIS ACCOUNT WAS PAID IN FULL YEARS AGO AND WAS NEVER LATE BUT AS I LOOK AT MY CREDIT REPORT IT IS SHOWING 31 LATE REMARKS WHICH IS INACCURATE. PLEASE INVESTIGATE ACCORDINGLY.

➜ DEPT OF ED/ NELNET ACCT#: .... 0XXXXXXXX -THIS IS SUCH HAS BEEN ON FORBEARANCE FOR YEARS YET DURING COVID IT IS BEING MARKED LATE 2X IN 2019 WHICH IS INACCURATE. PLEASE INVESTIGATE ACCORDINGLY.

➜ AMERICAN HERITAGE FCU ACCT#: .... XXXXXX -I HAVE ALWAYS PAID THIS ACCOUNT ON TIME AND IN FULL; THERE SHOULD BE NO LATE REMARKS REPORTING AND NO CHARGE OFF BALANCE OF $15! THIS IS INACCURATE, PLEASE INVESTIGATE ACCORDINGLY

➜ AMERICAN HERITAGE FCU ACCT#: .... XXXXXX -I HAVE ALWAYS PAID THIS ACCOUNT ON TIME AND IN FULL; THERE SHOULD BE NO LATE REMARKS REPORTING AND NO CHARGE OFF BALANCE OF $2534! THIS IS INACCURATE, PLEASE INVESTIGATE ACCORDINGLY

➜ AMERICAN HERITAGE FCU ACCT#: ....XXXXXXXX -I HAVE ALWAYS PAID THIS ACCOUNT ON TIME AND IN FULL; THERE SHOULD BE NO LATE REMARKS REPORTING AND NO CHARGE OFF BALANCE OF $14! THIS IS INACCURATE, PLEASE INVESTIGATE ACCORDINGLY

➜ FREEDOM CU ACCT#: ...XXXXXXX -THIS ACCOUNT HAS NEVER BEEN PAID LATE; REPORTING 1 LATE REMARK WHICH IS OUTRAGEOUS AND PAST STATUTE OF LIMITATIONS SO PLEASE INVESTIGATE.

13.     On October 11, 2024, Defendant sent the following email in response to Plaintiff's

dispute letter:

RONALD BENSON,

According to the Fair Credit Reporting Act, our role in the dispute process is to review the accuracy and completeness of any disputed item which may include contacting the furnisher of the information or the vendor that collected the information from a public record source, and notifying them of the dispute and disclosing all relevant information regarding your dispute. When we contact the furnisher or vendor, we ask that they verify all of the information regarding the item you disputed and report back within 30 days of the date that we received your request (21 days for Maine residents). To help resolve the dispute, we will review all relevant documents submitted with the dispute and will forward them to the furnisher if we are unable to resolve the issue.

We review and consider the furnisher's or vendor's response to determine whether to accept it, reject it, or follow up for additional information. If, after processing, we find that the disputed information is inaccurate, incomplete or cannot be verified, we then delete or modify that information, as appropriate. If we do not receive a response from the furnisher or the vendor within the required period, we update the item as you have requested or delete the information, and send you the results.

In some instances we are able to determine whether the disputed information should be changed or deleted without having to contact the furnisher or the vendor. After we complete our processing, we send you the results. If you question the results of our dispute process, you may also contact the furnisher of information directly. Please refer to your credit report for the furnisher or public records office name, address, and phone number (if available). For more details, please visit Experian.com/dispute process.

14. On November 27, 2024, Plaintiff sent another dispute letter to Defendant ("Plaintiff's second dispute letter").

15. Plaintiff's second dispute letter was sent to Defendant via certified mail and stated, in relevant part, as follows:

> Dear Experian
>
> RE: METHOD OF VERIFICATION
>
> ➜ FREEDOM CU ACCT#: ....XXXXXXX
>
> ➜ DEPT OF ED/ NELNET ACCT#: .....0XXXXXXXXX
>
> ➜ AMERICAN HERITAGE FCU ACCT#: ....6XXXXXX
>
> ➜ AMERICAN HERITAGE FCU ACCT#: .....XXXXXX
>
> To whom this may concern: This letter is in response to your recent claim that the above creditor(s) verified accounts they are reporting are accurate. Please be advised that I am exercising my rights under FCRA 611(a)(6)(B(iii) which provides that a consumer may request "a description of the procedure used to determine the accuracy and completeness of the information shall be provided to the consumer the agency, including the business name and address of any furnisher of information contacted in connection with such information and the telephone number of furnisher, if reasonably available."
>
> In compliance with this method of investigation request, please provide the following:
>
> → The description of the procedure used to determine the accuracy a completeness of the information
>
> → Name, address, and telephone number of each person contacted regarding this alleged debt. → A copy of any documents provided bearing my signature, showing that I have a legally binding contractual obligation to pay them the exact amount claimed.
>
> Any automated response or e-Oscar verification is unacceptable. I am requesting a re-investigation along with your method of verification. The item in question is inaccurate and represents a very serious reporting error. I expect to receive a response within 15 days of receipt of this letter in compliance with the FCRA. If not, I expect this item will be removed from my credit files immediately.

16. Defendant failed to provide a method of verification as requested within Plaintiff's second dispute letter.

17. Defendant violated the FCRA by failing to include the required consumer statement under 15 U.S.C. §1681i(a)(8)(b): Statement of dispute. If the reinvestigation does not resolve the dispute, the consumer may file a brief statement setting forth the nature of the dispute.

18. Defendant failed to do a method of verification.

19. Defendant further violated 15 U.S.C. §1681I (6)(B)(iii) by failing to provide a method of investigation description or documentation not later than fifteen (15) days after receiving a request from Plaintiff to provide the same.

20. Plaintiff pulled his credit report on January 7, 2025 which revealed that Defendant failed to include the consumer statement within the thirty (30) days required by statute.

21. Further, Defendant failed to: (i) conduct a reasonable reinvestigation or delete the disputed trade lines within the thirty (30) days required; and (ii) provide a method of verification within fifteen (15) days.

22. Defendant thereby violated Plaintiff's rights under the FCRA.

## FIRST CAUSE OF ACTION
### (Violations of the FCRA)

23. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "22" herein with the same force and effect as if the same were set forth at length herein.

24. 15 U.S.C. §1681i (a) Reinvestigations of disputed information

(1) Reinvestigation required

(A) In general

Subject to subsection (f) and except as provided in subsection (g), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

(6)      NOTICE OF RESULTS OF REINVESTIGATION

(A)  In general

A consumer reporting agency shall provide written notice to a consumer of the results of a reinvestigation under this subsection not later than 5 business days after the completion of the reinvestigation, by mail or, if authorized by the consumer for that purpose, by other means available to the agency.

(B) Contents. As part of, or in addition to, the notice under subparagraph (A), a consumer reporting agency shall provide to a consumer in writing before the expiration of the 5-day period referred to in subparagraph (A)—

(i)      a statement that the reinvestigation is completed;
(ii)     a consumer report that is based upon the consumer's file as that file is revised as a result of the reinvestigation;
(iii)    a notice that, if requested by the consumer, a description of the procedure used to determine the accuracy and completeness of the information shall be provided to the consumer by the agency, including the business name and address of any furnisher of information contacted in connection with such information and the telephone number of such furnisher, if reasonably available;
(iv)     a notice that the consumer has the right to add a statement to the consumer's file disputing the accuracy or completeness of the information; and
(v)      a notice that the consumer has the right to request under subsection (d) that the consumer reporting agency furnish notifications under that subsection.

(7)      DESCRIPTION OF REINVESTIGATION PROCEDURE

A consumer reporting agency shall provide to a consumer a description referred to in paragraph (6)(B)(iii) by not later than 15 days after receiving a request from the consumer for that description.

25.     Defendant violated 15 U.S.C. §1681i(a) by: (i) failing to properly investigate the disputed account; (ii) failing to respond to Plaintiff within the required 30 day period; and (iii) failing to delete the account within the required 30 day period.

26. Defendant violated Plaintiff's rights under 15 U.S.C. §1681e(b) by failing to establish and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to the Plaintiff's credit report and credit files Defendant published and maintained.

27. Defendant violated Plaintiff's rights under 15 U.S.C. §1681e(b) by failing to update the credit report, delete and/or remove the disputed accounts as Plaintiff requested.

28. Defendant violated the Plaintiff's rights under 15 U.S.C. §1681i (a)(8)(b) by failing to include the required consumer statement under 15 U.S.C. §1681i(a)(8)(b): Statement of dispute. If the reinvestigation does not resolve the dispute, the consumer may file a brief statement setting forth the nature of the dispute.

29. As a result of the Defendant's violation of 15 U.S.C. §1681e (b), Plaintiff suffered actual damage, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

30. The violation by Defendant of 15 U.S.C. §1681e (b) was willful, rendering Defendant liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

31. Defendant is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorney's fees pursuant to 15 U.S.C. §1681o.

32. Defendant prepared. compiled, issued assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. §1681i(a).

Case 1:25-cv-01202-NGG-JRC Document 1-1 Filed 03/05/25 Page 12 of 16 PageID #: 15

33. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

34. Defendant violated 15 U.S.C. §1681i(a) by failing to conduct a reasonable reinvestigation after receiving Plaintiff's dispute letters related to an Errant Trade line to determine whether the disputed information was inaccurate and record the current status of the disputed information by either updating or deleting the item from Plaintiff's credit files.

35. As a result of Defendant's violations of 15 U.S.C. §1681i (a), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

36. The violations by Defendant of 15 U.S.C. §1681i (a) were willful, rendering Defendant liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

37. In the alternative, the violations by Defendant of 15 U.S.C. §1681(i) (a) constitute negligence, which thereby entitles Plaintiff to recovery pursuant to 15 U.S.C. §1681o.

38. As a result of Defendant's violations of 15 U.S.C. §1681i (a)(1)(A), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

39. The violations by Defendant of 15 U.S.C. §1681i (a)(1)(A) were willful, rendering Defendant liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

40.     In the alternative, Defendant's violations of 15 U.S.C. §1681 (a)(1)(A) constitute negligence, which thereby entitles Plaintiff to recovery under 15 U.S.C. §1681o.

41.     Defendant violated 15 U.S.C. §1681i (a)(5)(A) by failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation.

42.     Defendant violated 15 U.S.C. § 1681I (6)(B)(iii) by failing to provide a method of investigation description or documentation to Plaintiff not later than 15 days after receiving a request from the Plaintiff for the same.

43.     Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney fees from the Defendant(s) in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and 15 USC §1681o.

## DEMAND FOR TRIAL BY JURY

44.     Plaintiff hereby respectfully requests a trial by jury for all claims and issues in his Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

*WHEREFORE*, judgment is demanded against Defendant, in an amount that exceeds the jurisdictional limits of all lower courts together with costs and disbursements of this action, and such other and further relief as this Court may deem just and proper, including:

A.     For statutory and actual damages provided and pursuant to the FCRA, 15 U.S.C. §§1681 n (a)(1)(A), n (2), n (3); or, in the alternative, for damages pursuant to negligence under 15 U.S.C. §1681o (a) (1)(2);

B.     For punitive damages provided and pursuant to the FCRA, 15 U.S.C. §§1681 n (a)(1)(A), n (2), n (3); or, in the alternative, for damages pursuant to negligence under 15 U.S.C. §1681o (a) (1)(2);

C.     A Declaration that Defendant's practices violated the FCRA;

D.     An injunction mandating Defendant to remove and/or delete the inaccurate information from Plaintiff's credit report;

E.     For attorneys' fees and costs provided and pursuant to 15 U.S.C. §1681n of the FCRA; and

F.     For any such other and further relief, including, but not limited to prejudgment and post judgment interest at the prevailing rate, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: January 28, 2025

Respectfully submitted,

April Forbes, Esq.
April Forbes, P.C.
P.O. Box 865
Hudson, New York 12534
*Attorney(s) for the Plaintiff*

Case 1:25-cv-02651-NGG-JRC Document 1-1 Filed 05/05/25 Page 15 of 16 PageID #: 18

STATE OF NEW YORK
SUPREME COURT, COUNTY OF KINGS

---

ROBERT BENSON,

                    Plaintiff,                                    Index No.:

       -against-

EXPERIAN FINANCIAL SOLUTIONS, INC.,

                    Defendant.

---

To the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of these papers or the contentions therein are not frivolous as defined in subsection (c) of §130-1.1 of the Rules of the Chief Administrator (22NYCRR).

Dated: January 28, 2025

                                   /s/ *April Forbes*
                                   April Forbes, Esquire
                                   Attorney for Plaintiff
                                   April Forbes, P.C.
                                   P.O. Box 865
                                   Hudson, N.Y. 12534
                                   (518) 249-5328 - Telephone
                                   aforbes@esquirepc.org - Email

Case 1:25-cv-01262-NGG-JRC   Document 1-1   Filed 03/05/25   Page 16 of 16 PageID #: 19

CERTIFIED MAIL

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

9589 0710 5270 2106 2072 50

Retail

**U.S. POSTAGE PAID**
FCM LG ENV
HUDSON, NY 12534
FEB 03, 2025

UNITED STATES POSTAL SERVICE

92626

**$6.89**
S2324K504235-10

RDC 99

Experian Information Solutions, Inc.
475 Anton Boulevard
Costa Mesa, CA 92626

Personel and Confidential